(No. 3498—

BESSIE NEWTON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 19, 1946.*

PAUL D. PERONA AND WILLIAM ZWANZIG, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR and C. ARTHUR NEBEL, Assistant Attorneys General, for respondent.

FISHER, C. J.

This claim was filed May 18, 1940 and the record completed February 6, 1946.

The record discloses that on August 21, 1939 claimant, while employed as an attendant at the Manteno State Hospital, contracted typhoid fever. She was treated at the State Hospital from that date until February 14, 1940

and returned to work on April 20, 1940 at the same salary she received prior to her illness.

It is disclosed by stipulation in this Court that a typhoid fever epidemic existed at the Manteno State Hospital during the month of August, 1939 and this Court has decided that typhoid contracted under such circumstances was compensable under the Workmen's Compensation Act of this State.

Claimant was paid $441.00 during the period of her illness from August 21, 1939 to April 20, 1940. Her salary was $63.00 per month. She had one child under the age of 16 years and therefore is entitled to compensation at the rate of $12.10 per week for 34 weeks and 4 days, or $418.31. She was overpaid $22.69 for temporary total disability which must be deducted from any award which may be granted to her.

Claimant seeks reimbursement for sums which she expended or otherwise obligated herself for medical, dental and nursing services and medicine.

Claimant testified that Dr. Daniel K. Hur, who attended her throughout her illness, was her personal physician; that she of her own choice requested him to attend her because she did not like the medicine they (meaning the staff physicians) were giving her. The dental services were also rendered at her own voluntary request. Under Section 8 of the Workmen's Compensation Act, claimant having elected to obtain these services of her own physician and dentist, cannot be reimbursed for the expenses so incurred.

There is no showing in the record that claimant was compelled to obtain additional medicine, and her claim therefore must be denied.

Claimant expended $352.50 for nursing services. Her testimony is corroborated by the receipts introduced

in the record. It further appears from the record that claimant was delirious and unconscious from August until the latter part of November while she was in the hospital; that the chief nurse informed claimant she should have a special nurse and, as the hospital did not provide special nurses, claimant should get one. This evidence in conjunction with the physician's report revealing claimant's condition from day to day, justifies an award reimbursing claimant for these expenses.

Claimant is, therefore, entitled to an award in the sum of $352.50 for charges incurred for nursing services, less $22.69 overpaid for temporary total disability, leaving a balance of $329.81.

An award is entered in favor of claimant, Bessie Newton, in the sum of $329.81.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."